UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROBERT FREEDMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 17-cv-2884-UA |
| | : |
| INTEL CORPORATION, | : |
| | : |
| Defendant. | : |

---

## COMPLAINT

Plaintiff, Robert Freedman, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through his attorneys, except as to those allegations that pertain to the plaintiff himself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the SEC).

2. Plaintiff, a stockholder in Defendant Intel Corporation (Intel or the Company), seeks an injunction to prevent a vote by its stockholders on Management Proposal 4 in the 2017 Proxy Statement for the annual meeting of Intel stockholders scheduled for May 18, 2017.  The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Management Proposal 4 requests that the stockholders approve the amendment and restatement of the 2006 Equity Incentive Plan (2006 Plan), which proposes to allow Intel to add 33 million new shares for awards under the 2006 Plan and to extend its term to June 30,

2020.  But the 2017 Proxy Statement omits to report how many participants are in the plan and why they are receiving these awards.  SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101.  Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 4 of the 2017 Proxy Statement fails to disclose the classes of eligible participants, their approximate number, and the basis of their participation in the amended and restated 2006 Plan.  Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its stockholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where Defendant is found or transactions business.

**PARTIES**

8. Plaintiff is, and has been continuously since February 2016, a holder of Intel common stock.

9. Intel is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended December 31, 2016. As of February 7, 2017, it had 4.728 billion shares of common stock outstanding. Intel's common stock is traded on NASDAQ Global Select Market under the symbol INTC. Intel is engaged in the relentless pursuit of Moore's Law and computing breakthroughs that make amazing experiences possible.

**WRONGFUL ACTS AND OMISSIONS**

10. Intel has scheduled the annual stockholders' meeting for May 18, 2017. On April 6, 2017, it furnished its stockholders with the 2017 Proxy Statement to solicit their proxies for five management proposals, and two stockholder proposals if properly presented.

11. Management Proposal 4 requests that the stockholders approve the amendment and restatement of the 2006 Plan, including 33 million shares for awards that Intel will be able to grant to participants in the 2006 Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Intel stockholders to understand how many participants there are in the plan and why they are eligible for such awards.

12. Because Management Proposal 4 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information concerning the 2017 Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

Compensation Plans.  If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

(a) Plans subject to security holder action.

(1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

13. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Management Proposal 4 only tells stockholders , "Intel has a long-standing practice of granting equity awards not only to its executives and directors but also broadly among its employees.  In 2016, approximately 84% of Intel's employees received an equity award."  It also has a table that reports, "Eligible participants:  All of our full-time and part-time employees, where legally eligible to participate, and our non-employee directors."

14. Nowhere does the 2017 Proxy Statement disclose the number of full-time and part-time employees and those legally eligible to participate.

15. Proposal 4 reports that the requested stockholder vote was also for the purpose of enabling Intel to grant stock-based awards to its employees in France under a French tax law enacted in August 2015, known as the Loi Macron or the Macron Law.  That law requires approval of Intel's stockholders in conformity with the Exchange Act.  The 2017 Proxy Statement does not disclose the number of French employees who will participate.

16. The preceding paragraphs state a direct claim for relief against Intel under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

17. This problem began with the stockholders' annual meeting in 2015, before Plaintiff became a stockholder. The 2015 Proxy Statement requested stockholder approval of the amendment of the 2006 Plan to add 34 million shares and to extend its term to June 30, 2018. There, too, the 2015 Proxy Statement reported Intel's "long-standing practice of granting equity awards to its executives and directors as well as more broadly among its employees." There, too, it described the eligible participants as "all of our full-time and part-time employees, where legally eligible to participate, and our non-employee directors." There, too, the 2015 Proxy Statement contravened the SEC rules by omitting to disclose their numbers and bases of participation.

18. These were willful omissions in 2015 and 2017, for Intel knows better. For its stockholders annual meeting in 2013, the 2013 Proxy Statement requested stockholder approval of the 2006 Plan to add 123 million shares and to extend its term to June 30, 2016. But there, the 2013 Proxy Statement described the eligible participants thusly:

> All of our full-time and part-time employees, where legally eligible to participate, and our non-employee directors. As of December 29, 2012, there were approximately 104,500 full-time employees, 500 part-time employees, and eight non-employee directors eligible to participate in the 2006 Equity Incentive Plan.

So in 2013, Intel complied with § 14(a) of the Exchange Act when seeking stockholder action on a compensation plan.

19. But as the result of its omissions in 2015, the 2006 Plan was not effectively extended, and it expired on June 30, 2016.

20. As a result of these actions, plaintiff will be injured, and he has no adequate remedy at law. He will suffer irreparable harm on Management Proposal 4 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the proposed amended and restated 2006 Plan allows for 33 million stock awards to be granted to an

5

unknown number of full-time and part-time, employees, including an undisclosed number in France immediately after this vote and then immediately vest. The proposed amended and restated 2006 Plan places no minimum vesting period of any awards except for stock options and stock appreciation rights which Intel no longer grants, and for performance based restricted stock awards, which Intel need not grant and which constituted only 2.0% of equity compensation over the last three years. Unwinding these awards will be impossible.

21. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 4.

22. Consequently, this Court should enjoin Intel from presenting Proposal 4 for a stockholder vote at the May 18, 2017 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Intel stockholder in connection with Proposal 4 in the 2017 Proxy Statement.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands the following relief:

A. A preliminary and permanent injunction, enjoining Intel from

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Intel stockholder in connection with Proposal 4 in the 2017 Proxy Statement;

(ii) presenting Proposal 4 for a shareholder vote at the May 18, 2017 annual meeting;

B. A preliminary and permanent injunction requiring Intel to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1).

C.  Otherwise proceeding at its May 18, 2017 annual stockholders' meeting or at any other time in a manner inconsistent with Item 10(a)(1).

D.  Awarding such other and further relief, whether similar or different, as this Court deems just and proper.

**BARRACK, RODOS & BACINE**

By: /s/  A. Arnold Gershon
A. Arnold Gershon
Michael A. Toomey
Eleven Times Square
640 Eighth Ave., 10th Floor
New York, NY 10036
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Plaintiff Robert Freedman*

**BARRACK, RODOS & BACINE**
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Telephone: (215)963-0600
Facsimile: (215)963-0838

*Of Counsel for Plaintiff Robert Freedman*